IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DENNIS DEVOLOR WILLIAMS,<br><br>         Plaintiff<br><br>VS.<br><br>VICTOR WALKER,<br><br>         Defendant | <br><br><br><br>NO. 5:04-CV-433 (WDO)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION OF DISMISSAL

Plaintiff DENNIS DEVOLOR WILLIAMS is an inmate in the custody of the State of Georgia. He has sued defendant VICTOR WALKER, alleging that he violated his constitutional rights while he was incarcerated at the Hancock State Prison in Sparta, Georgia. The plaintiff avers that the defendant denied him antacid tablets and Dove shampoo.

Before the court is the defendants' **MOTION TO DISMISS**. Tab #8. The plaintiff has filed a response to the defendant's motion. Tab #11. The undersigned has carefully considered the defendant's motion as well as the plaintiff's response.[1]

Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983. The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). This includes seeking leave to file an out-of-time grievance if a grievance is denied as untimely. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). This requirement prevents inmates from doing an end-run around §1997e(a) and gaining access to federal courts by merely filing an untimely grievance. *Id*. In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus solely on whether the administrative remedies available were exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

---

[1] On June 29, 2005, the undersigned ordered the defendant to supplement his motion. Tab #13. The defendant has complied with the court's order.

In considering whether plaintiff WILLIAMS has exhausted his administrative remedies, the undersigned has reviewed the plaintiff's assertions and finds that he has failed to exhaust such remedies: plaintiff filed the current suit *prior* to exhausting his administrative remedies. Plaintiff filed the present suit on December 27, 2004.  Tab #1.  However, plaintiff did not exhaust the grievance process until March 22, 2005- well after he filed the present suit.   Therefore, he cannot be said to have exhausted his administrative remedies.

Accordingly, IT IS RECOMMENDED that the defendant's **MOTION TO DISMISS** (Tab #8) be **GRANTED**[2] and the plaintiff's claims be **DISMISSED,** *without prejudice*.[3]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 19th day of JULY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Also before the court is plaintiff's MOTION FOR ACCESS TO LAW LIBRARY.  Tab #15.  In light of the foregoing recommendation, said motion is **DENIED**.

[3]Dismissal for failure to exhaust administrative remedies are always without prejudice.